UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| LACI BARCLAY,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA WOMEN'S PRISON,<br><br>Defendant. | 3:26-CV-03016-RAL<br><br>OPINION AND ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A |

Plaintiff Laci Barclay, an inmate at Florence McClure Women's Correctional Center in Las Vegas, Nevada, filed a pro se prisoner civil rights lawsuit. Doc. 1. The Court granted Barclay's motion for leave to proceed in forma pauperis and directed Barclay to pay an initial partial filing fee, Doc. 11, which Barclay timely paid.

## I. 1915A Screening

### A. Factual Background as Alleged by Barclay

Barclay was transferred from a correctional institution in Colorado to the South Dakota Women's Prison under an interstate correctional compact arrangement. Doc. 1 at 1. Barclay alleges that she was "assaulted in Colorado after warning officials she feared violence from gang-affiliated inmates[,]" an assault Barclay claims "resulted in serious injuries and hospitalization." Id. Upon Barclay's transfer to South Dakota Women's Prison, she sought protective custody "after additional threats and violence escalated during May and June 2024." Id. Barclay alleges that she "reported inmates attempting to pull her from her bunk, waking her from sleep, and striking her in the head. [Barclay] consistently maintained that gang violence was escalating and that she feared serious bodily harm." Id.

On January 5, 2025, Barclay alleges that around fifteen inmates entered her housing area and cell and "accused her of being a 'snitch,' demanded papers from her legal materials, destroyed personal property, and violently attacked her." Id. at 2. Barclay describes a violent assault by multiple inmates, and claims that she was struck in the head with a lock and lost consciousness. Id. When she "regained consciousness, she was hanging upside down with one leg trapped between the bars of the bunk while inmates continued pulling on her body and striking her." Id. During the assault and immediately afterward, Barclay called her mother to request help and inform her that her leg was broken. Id. Barclay claims that her mother "contacted prison staff multiple times requesting emergency assistance." Id. Barclay claims that "substantial delays occurred before staff responded to the emergency[,]" and that "there were no officers present inside the unit or observation bubble at the time of the attack and that staffing levels were dangerously inadequate." Id. As a result of this assault, Barclay "sustained a severe fracture to her foot and leg requiring surgical repair involving screws." Id.

After the assault, when staff were attempting to bring Barclay to the hospital, Barclay alleges that she was "dropped during transport and forced to move through snow while suffering from a severely broken foot and additional injuries." Id.; see also Doc. 1-1 at 12–13. She "experienced severe swelling, numbness, discoloration, and visible deformities following the assault[,]" and alleges that "prison medical personnel failed to timely examine or adequately treat her injuries." Doc. 1 at 2. Barclay also claims that "prison staff failed to properly maintain her temporary cast or address worsening symptoms[,]" and that "nurses refused to fully assess her injuries, failed to provide consistent pain medication, inaccurately documented medication refusals, and delayed necessary care." Id.

Barclay alleges that her claims "arise[] from repeated failures by prison officials to protect [her] from known and documented threats of gang violence, repeated dismissals of her safety concerns, severe understaffing, deliberate indifference to serious medical needs, and the violent January 5, 2025 assault that resulted in permanent injury." Id. at 1. She also alleges that South Dakota Women's Prison "[d]oes not have the adequate means necessary to keep anyone safe[.]" Doc. 1-1 at 2. In her complaint, Barclay alleges three counts: a failure to protect claim, claiming that "[d]efendants knew of substantial risks to [her] safety and failed to take reasonable steps to protect her from foreseeable gang violence and assault[;]" a deliberate indifference to serious medical needs claim, alleging that "[d]efendants failed to provide adequate medical treatment after [she] suffered severe fractures and ongoing complications following the January 5, 2025, assault[;]" and an unsafe conditions of confinement claim, alleging that "[d]efendants maintained unsafe staffing practices, failed to adequately supervise housing units, and exposed [Barclay] to unreasonable risks of serious harm." Doc. 1 at 2. In her request for relief, Barclay requests an unspecified amount of compensatory and punitive damages, as well as unspecified declaratory and injunctive relief. Id. at 3. Additionally, she requests costs and additional relief that the Court deems proper and just. Id.

**B. Legal Standard**

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of

Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This Court will now assess Barclay's claims under 28 U.S.C. § 1915A.

**C. Legal Analysis**

The case caption in Barclay's complaint lists "South Dakota Women's Prison, et al., Defendants." Doc. 1 at 1 (emphasis in original omitted). Barclay's complaint, however, fails to name any defendants other than the South Dakota Women's Prison. See generally id. In other motions and supplements Barclay filed with this Court, Barclay lists the South Dakota Women's Prison as the sole defendant. See Doc. 5 at 1; Doc. 6 at 1; Doc. 8 at 1; Doc. 10 at 1. Therefore, this Court understands the South Dakota Women's Prison to be the only defendant in this action.

But the South Dakota Women's Prison is not an entity amenable to suit under § 1983. Section 1983 provides a cause of action against any "person" who, acting "under color of" state law, deprives the plaintiff of "rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C. § 1983. The Eleventh Amendment bars suits against a state entity regardless of whether money damages or injunctive relief is sought. Cory v. White, 457 U.S. 85, 90–91 (1982). In determining whether an entity is entitled to Eleventh Amendment immunity, the Court examines powers created by state law, the degree of autonomy and control, and whether it is funded by the state treasury. Greenwood v. Ross, 778 F.2d 448, 453 (8th Cir. 1985) (citation omitted). According to South Dakota statute, state correctional facilities, such as the South Dakota Women's Prison are "under the direction and government of the Department of Corrections[,]" which was created by the state legislature. See SDCL §§ 1-15-1.2, 24-1-4. The South Dakota Women's Prison is therefore an arm of the state of South Dakota and, as such, is not subject to suit under § 1983. See Thornton v. Dept. of Corr., No. 4:23-CV-04215, 2024 WL 4787875, at *2 (D.S.D. Nov. 14, 2024) (dismissing claims against the South Dakota Department of Corrections with prejudice because it is an arm of the state). Thus, Barclay's claims against the South Dakota Women's Prison are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Barclay may file an amended complaint naming an individual defendant or defendants working for the South Dakota Women's Prison who would be amenable to suit. Barclay is cautioned that an amended complaint replaces an original complaint and "renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)). Thus, any claim Barclay wishes to bring, against all defendants she wishes to name, must be included in

an amended complaint, along with the supporting factual allegations. "Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered." Childress v. Conley, No. 1:24-CV-00195, 2024 WL 4564213, at *2 (E.D. Mo. Oct. 23, 2024) (citing In re Wireless, 396 F.3d at 928). If Barclay chooses to file an amended complaint, she must do so within **thirty days of the date of this Court's screening order**. Failure to file an amended complaint will result in the dismissal of her case without prejudice for failure to prosecute and failure to state a claim.

## II. Motion to Appoint Counsel

Barclay has also filed a motion to appoint counsel. Doc. 2, see also Doc. 1 at 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. At this time, Barclay's claims do not appear to be complex, and she should know what individuals to name as defendants to present her claims adequately. This Court believes that Barclay is capable of pursuing her claims pro se at this phase of litigation, and her motion to appoint counsel, Doc. 2, is denied at this time.

## III. Conclusion

Accordingly, it is

ORDERED that Barclay's claim against the South Dakota Women's Prison is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) though this Court delays 30 days in entering judgment of dismissal to allow Barclay time to amend her complaint. It is further

ORDERED that Barclay may file an amended complaint seeking relief that this Court may grant. Failure to file an amended complaint **within thirty days of the date of this Court's screening order** will result in the dismissal of Barclay's complaint without prejudice for failure to prosecute and failure to state a claim. It is finally

ORDERED that Barclay's motion to appoint counsel, Doc. 2, is denied at this time.

DATED September 22nd, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE